### IN THE UNITED STATES DISTRICT COURT FOR
### THE MIDDLE DISTRICT OF GEORGIA
### VALDOSTA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CRIM. NO. 7:26-CR-9-WLS** |
| **v.** | : | |
| | : | |
| **SCOTT DANIEL DAVIS,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

## PROTECTIVE ORDER LIMITING THE DISCLOSURE OF DISCOVERY MATERIALS

For the reasons stated in the Government's Motion for a Protective Order to Limit Disclosure of Discovery Materials filed on April 28, 2026, **IT IS HEREBY ORDERED** pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure that:

1. As used herein the term "Defendant" shall refer to Scott Daniel Davis.

2. As used herein the term "defense counsel" shall constitute: the defense attorney of record, co-counsel, and paralegals, investigators, litigation support personnel, and secretarial staff working for defense counsel. The term "defense counsel" does not include the Defendant.

3. As used herein, the term "investigatory reports" shall pertain to all reports written by law enforcement during the course of the investigation. These shall include reports written by the Mobile County Sheriff's Office (MCSO), the Valdosta Police Department (VPD) and the Federal Bureau of Investigation (FBI). The term "investigatory reports" does not include those that summarize victim interviews or the "Digital Forensic Investigation Report."

4. As used herein, the term "Digital Forensic Investigation Report" shall pertain to the report prepared by the Lowndes County Sheriff's Office summarizing the contents of multiple digital devices.

5. As used herein, the term "remaining discovery materials" shall include all other discovery materials not otherwise included in the investigatory reports or the Digital Forensic Investigation Report.

6. The investigatory reports, Digital Forensic Investigation Report and the remaining discovery materials may be reviewed in full by defense counsel and Defendant, and if necessary, may be used in the trial of this case, if applicable, and in preparing for sentencing. However, defense counsel and Defendant are restricted from sharing the discovery materials with anyone other than defense counsel and Defendant, unless expressly authorized by this Order.

7. Defense counsel may provide copies of the investigatory reports to the Defendant; however, care should be taken to provide Defendant with copies of only those investigatory reports as necessary to prepare the case. If the defense attorney provides copies of any investigatory reports to the Defendant, the defense attorney shall ensure that the Defendant is provided a copy of this Order.

8. Defendant may review the Digital Forensic Investigation Report while in defense counsel's physical presence. Defense counsel may not provide the Defendant with a copy of the Digital Forensic Investigation Report in its current form. If defense counsel desires to provide a copy of the Digital Forensic Investigation Report to be retained by the Defendant, defense counsel must first seek leave from the Court and certify that

they have removed/redacted all remaining images or request a fully redacted report from the Government which can be retained by the Defendant.

9. Defense counsel may not provide the Defendant with copies of the remaining discovery materials or allow any of the remaining discovery materials to remain in the Defendant's possession. Instead, the defense attorney may review the remaining discovery materials with the Defendant while the defense attorney is present.

10. Defense counsel may also review the investigatory reports, Digital Forensic Investigation Report and remaining discovery materials with any expert witness that may be necessary in the preparation of Defendant's defense. However, defense counsel must limit the investigatory reports, Digital Forensic Investigation Report and remaining discovery materials provided to any expert witness to those necessary for the expert witness to perform his or her work. Defense counsel must also take care in sharing these materials to ensure that no Personally Identifiable Information (PII) is given to the expert witness. Defense counsel must also ensure that any expert witnesses are aware of this Order.

11. Defense counsel may disclose the investigatory reports and remaining discovery materials to any witness it deems necessary in the preparation of the Defendant's defense. However, such witness may not be provided a copy of the investigatory reports and remaining discovery materials, but may only review them while in the presence of defense attorney. The defense attorney must also ensure that any PII has been redacted before showing materials to such witness. The defense attorney must also ensure that any such witness is aware of this Order. Defense counsel may not disclose the Digital Forensic Investigation Report to such witness in its current form.

If defense counsel desires to disclose the Digital Forensic Investigation Report to such witness, defense counsel must first seek leave from the Court and certify that they have removed/redacted all remaining images or request a fully redacted report from the Government which can be disclosed to said witness. No such witness may retain a copy of the Digital Forensic Investigation Report in any form.

12. The investigatory reports, Digital Forensic Investigation Report and remaining discovery materials may also be disclosed and provided to the Court (including by filing and making use of exhibits) in connection with the proceedings in the criminal case. It shall be the responsibility of any party filing discovery materials to ensure that all PII has been redacted. Additionally, no public filing shall include any identifiable photographs or other information about any victim in this case.

13. If any Defendant or his counsel desires to disclose or make available the investigatory reports, Digital Forensic Investigation Report or remaining discovery materials to any person not described in this Order or for any purpose other than the defense of the criminal case, they must seek relief from the Court.

14. The parties each reserve their right to seek modification of this Order from the Court should the need arise during the progression of this criminal case.

15. This Order shall survive the final termination of this criminal case, to include any appeal, and upon termination of this criminal case, counsel for the Defendant shall return all copies of the discovery materials to the Government that is not a matter of public record at the time (*i.e.*, trial exhibits or other publicly filed exhibits or documents), or shall certify that said documents have been destroyed.

IT IS SO ORDERED, this 4th day of May , 2026.

W. LOUIS SANDS, SENIOR JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA