**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

UNITED STATES OF AMERICA,  :

                                  :

v.                               :        CASE NO.: 7:26-CR-00009 (WLS-ALS)

                                    :

SCOTT DANIEL DAVIS,  :

                                  :

      Defendant.             :

                                  :

## ORDER

Before the Court is the Government's Joint Motion to Declare Case Complex (Doc. 32). For the reasons discussed below that Motion is **GRANTED**.

### I.   PROCEDURAL BACKGROUND

On March 10, 2026, the Government filed a twenty-nine count Indictment (Doc. 1) against Defendant Scott Daniel Davis. Count I charges Defendant with Transportation of a Minor with Intent to Engage in Criminal Sexual Activity in violation of 18 U.S.C. § 2423(a). Count II charges Defendant with Travel with Intent to Engage in Illicit Sexual Conduct, in violation of 18 U.S.C. § 2423(b). Counts III, IV, and V charge Defendant with Sexual Exploitation of a Child in violation of 18 U.S.C. § 2251(a) and (e). Count VI charges Defendant with Distribution of Child Pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1). Count VII charges Defendant with Receipt of Child Pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1). Counts VIII through XXVIII charge Defendant with Possession of Child Pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2). Count XXIX charges Defendant with Unlawful Transfer of a Handgun to a Juvenile in violation of 18 U.S.C. §§ 922(x) and 924(a)(6)(B)(i).

### II.   MOTION TO DECLARE CASE COMPLEX

The Parties jointly move the Court to declare the case complex pursuant to 18 U.S.C. § 3161(h)(7)(B), extend the deadlines in the standard pretrial order, and specially set trial. (Doc. 32).

The Speedy Trial Act permits a district court to grant a continuance of the trial so long as the court makes findings that the ends of justice served by ordering a continuance outweigh

the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Section 3161(h)(7)(B) provides a number of factors the Court must consider when granting a continuance or extension. *United States v. Ammar*, 842 F.3d 1203, 1206 (11th Cir. 2016). Among those factors are the likelihood that the lack of a continuance will result in a miscarriage of justice, whether the case is especially unusual or complex, or whether the case is unusual or complex enough that the failure to grant a continuance would deprive the defendant continuity of counsel or reasonable time necessary for effective preparation. 18 U.S.C. § 3161(h)(7)(B).

Here, the Court finds that this case is complex and that the ends of justice served by ordering a continuance under 18 U.S.C § 3161(h)(7)(B) outweigh the best interest of the public and the Defendants in a speedy trial. The court finds this case complex for three reasons.

First, based on the nature of the charges, the discovery in the case is voluminous, involving allegations of conduct spanning the course of several years. (Doc. 32 ¶ 3). Over one hundred and thirty devices were seized from Defendant's home. (*Id.*) One memory card alone was found to contain over 2,500 images and over 850 videos of child sexual abuse material. (*Id.*) As a result, the Government states they believe Defendant will need a significant period of time to review all of the discovery (Doc. 32 ¶ 4). Second, the evidence depicting sexually explicit content cannot be turned over to defense counsel and arrangements will need to be made for counsel to review the materials at the Lowndes County Sheriff's Office, which may further delay discovery. (*Id.*) Third, the Government estimates that if Defendant goes to trial, that trial would take, at least, two to three weeks, not including defense or rebuttal witnesses.

For good cause shown, the Government's Motion (Doc. 32) to declare the case complex is **GRANTED**. The above-captioned matter is, therefore, **CERTIFIED COMPLEX**. Accordingly, it is, **ORDERED**, that the matter be **EXCLUDED FROM COMPUTATION** under 18 U.S.C. § 3161 for the aforementioned reasons. As a result, the pretrial conference set for Tuesday, June 30, 2026, at 3:00 P.M. is **CANCELLED** and other deadlines set out in the above case are hereby **CONTINUED** beyond the time limitations set by the Speedy Trial Act. The parties are hereby **ORDERED** to confer and then meet no later than thirty (30) days after the filing of this Order. Counsel shall prepare a joint proposed discovery order to govern discovery and relevant deadlines and submit the same to the Court no later than Monday, August 24, 2026. Thereafter, if necessary, the Court will notice a

2

discovery conference by separate order. A special trial date will be set following the status conference or as may otherwise be ordered by the Court.

**SO ORDERED**, this 23rd day of June 2026.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

3